United States District Court
Southern District of Texas
**ENTERED**
August 31, 2021
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re Applied Optoelectronics, Inc. Derivative Litigation | **Lead C.A. No. 4:18-cv-02713** |
| This Document Relates to:<br><br>ALL ACTIONS | Judge Sim Lake<br><br>**EXHIBIT B** |

<u>**PRELIMINARY APPROVAL ORDER**</u>

This matter came before the Court for a hearing on **Au₲usт 31**, 2021.  Plaintiffs have made an unopposed motion, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an order: (i) preliminarily approving the proposed settlement ("Settlement") of shareholder derivative claims, in accordance with the Stipulation and Agreement of Settlement dated August 26, 2021 (the "Stipulation"); and (ii) approving the form and manner of providing the notice of the Settlement to Current Applied Optoelectronics Stockholders.[1]

WHEREAS, the Stipulation sets forth the terms and conditions for the Settlement, including, but not limited to a proposed Settlement and dismissal of the above-captioned action, titled *In re Applied Optoelectronics, Inc. Derivative Litigation*, Lead C.A. No. 4:18-cv-02713 (S.D. Tex.) with prejudice as to the Released Persons (the "Consolidated Derivative Action");

WHEREAS, the Court having: (i) read and considered Plaintiffs' Unopposed Motion for Preliminary Approval of Shareholder Derivative Settlement together with the accompanying Memorandum; and (ii) read and considered the Stipulation, as well as all the exhibits attached thereto;

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a beneficial result for Applied Optoelectronics, Inc. ("Applied Optoelectronics" or the "Company") and appears to be the product of serious, informed, non-collusive negotiations overseen by an experienced mediator; and

---

[1] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms contained herein shall have the same meanings and/or definitions as set forth in the Stipulation.

WHEREAS, the Court also finds, upon a preliminary evaluation, that Applied Optoelectronics stockholders should be apprised of the Settlement through the proposed form of notice, allowed to file objections, if any, thereto, and appear at the Settlement Hearing.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.      This Court, for purposes of this Preliminary Approval Order, adopts the definitions set forth in the Stipulation.

2.      This Court preliminarily approves, subject to further consideration at the Settlement Hearing described below, the Settlement as set forth in the Stipulation as being fair, reasonable, and adequate.

3.      A hearing shall be held on *November 4*, 2021 at *1:30 p*.m., before the Honorable Sim Lake, at the U.S. District Court for the Southern District of Texas, Houston Division, Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002 (the "Settlement Hearing"), at which the Court will determine: (i) whether the terms of the Stipulation should be approved as fair, reasonable, and adequate; (ii) whether the form and manner of the notice of the Settlement fully satisfied the requirements of Rule 23.1 of the Federal Rule of Civil Procedure and the requirements of due process; (iii) whether all Released Claims against the Released Persons should be fully and finally released; (iv) whether the agreed-to Fee and Expense Amount should be approved; and (v) such other matters as the Court may deem appropriate.

4.      The Court finds that the form, substance, and dissemination of information regarding the proposed Settlement in the manner set out in this Preliminary Approval Order constitutes the best notice practicable under the circumstances and complies fully with Rule 23.1 of the Federal Rules of Civil Procedure and due process.

- 2 -

5.      Within ten (10) business days after the entry of this Preliminary Approval Order, Applied Optoelectronics shall cause the Stipulation and Notice to be filed with the U.S. Securities and Exchange Commission ("SEC") as exhibits to an SEC Form 8-K, Applied Optoelectronics shall publish the Notice in *Investor's Business Daily* or issue a press release with *GlobeNewswire*, and Applied Optoelectronics shall also publish the Stipulation and Notice on an internet page that Applied Optoelectronics shall create for this purpose, which page will be maintained through the date of the final settlement hearing, and which shall be accessible via a link on the "Investor Relations" page of Applied Optoelectronics' website, the address of which shall be contained in the Notice.

6.      All costs incurred in the filing and publication of the Notice shall be paid by Applied Optoelectronics, and Applied Optoelectronics shall undertake all administrative responsibility for the filing and publication of the Notice.

7.      At least thirty (30) calendar days prior to the Settlement Hearing, Defendants' Counsel shall file with the Court an appropriate affidavit or declaration with respect to filing, publishing, and posting the Notice as provided for in paragraph 5 of this Preliminary Approval Order.

8.      All Applied Optoelectronics stockholders shall be subject to and bound by the provisions of the Stipulation and the releases contained therein, and by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Applied Optoelectronics stockholders.

9.      Pending final determination of whether the Settlement should be approved, Plaintiffs and Current Applied Optoelectronics Stockholders shall not commence or prosecute

against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

10.     Any stockholder of Applied Optoelectronics common stock may appear and show cause, if he, she, or it has any reason why the Settlement embodied in the Stipulation should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon, or the Fee and Expense Amount or service awards should not be awarded.  However, no Applied Optoelectronics stockholder shall be heard or entitled to contest the approval of the proposed Settlement, or, if approved, the Judgment to be entered thereon, unless that Applied Optoelectronics stockholder has caused to be filed, and served on counsel as noted below, written objections stating all supporting bases and reasons for the objection, names of any witness(es) the Applied Optoelectronics stockholder intends to call to testify at the Settlement Hearing and the subject(s) of their testimony, whether the Applied Optoelectronics stockholder intends to appear at the Settlement Hearing, and setting forth proof of current ownership of Applied Optoelectronics stock and ownership of Applied Optoelectronics stock as of August 26, 2021 as well as documentary evidence of when such stock ownership was acquired.

11.     At least fourteen (14) calendar days prior to the Settlement Hearing set for _____, 2021, any such person must file the written objection(s) and corresponding materials with the Clerk of the Court, U.S. District Court for the Southern District of Texas, Houston Division, Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002 and serve such materials by that date, to each of the following Settling Parties' counsel:

*Counsel for Plaintiffs:*

Phillip Kim
**THE ROSEN LAW FIRM, P.A.**
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com

Timothy Brown
**THE BROWN LAW FIRM, P.C.**
767 Third Avenue, Suite 2501
New York, New York 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

*Counsel for Defendants:*

Jeffrey S. Johnston
Robert Ritchie
**VINSON & ELKINS LLP**
1001 Fannin, Suite 2500
Houston, Texas 77002
Telephone: (713) 758-2198
Facsimile: (713) 615-5920
Email: jjohnston@velaw.com

12.     Only Applied Optoelectronics stockholders who have filed with the Court and sent to the counsel in paragraph 11 of this Preliminary Approval Order valid and timely written notices of objection will be entitled to be heard at the hearing unless the Court orders otherwise.

13.     Any Person or entity who fails to appear or object in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement and to the Fee and Expense Amount and service awards, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered and the releases to be given as set forth in the Stipulation.

14.     Plaintiffs shall file their motion for final approval of the Settlement at least twenty-one (21) calendar days prior to the Settlement Hearing.  If there is any objection to the Settlement, Plaintiffs shall file a response to the objection(s) at least seven (7) calendar days prior to the Settlement Hearing.

15.     All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of this Stipulation.

16.     This Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Applied Optoelectronics stockholders.

17.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Settling Parties or Released Persons, or of the validity of any Released Claims; or (ii) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

18.     The Court reserves: (i) the right to approve the Settlement, with such modifications as may be agreed to by counsel for the Settling Parties consistent with such Settlement, without further notice to Applied Optoelectronics stockholders; (ii) the right to continue or adjourn the Settlement Hearing from time to time or by oral announcement at the hearing or at any adjournment thereof, without further notice to Applied Optoelectronics stockholders; and (iii) and the right to hold the Settlement Hearing telephonically or by videoconference without further notice to Applied Optoelectronics stockholders.  Any Applied Optoelectronics stockholder (or his, her or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's calendar and/or the website of Applied Optoelectronics at www.ao-inc.com for any change in date, time or format of the Settlement Hearing. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

DATED: August 31, 2021

HONORABLE SIM LAKE
UNITED STATES DISTRICT JUDGE